**CLARK v. COMMISSIONER OF INTERNAL REVENUE.**

No. 5568.

Circuit Court of Appeals, Third Circuit.

March 26, 1935.

Albert E. James, of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Lucius A. Buck, Sp. Assts. to the Atty. Gen., and J. P. Jackson, of Washington, D. C., for respondent.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is an appeal by Miss Frances Elliott Clark from the Board of Tax Appeals' assessment of her income tax. She was an employee of the Victor Talking Machine Company, and as such was allowed to, and did, buy shares of its stock at 70 per cent. of its book value. Stamped on her certificate was an agreement that she should not sell the stock while she was in the company's employ without first offering it to the company at 70 per cent. of its then book value. If the company did not exercise such option, the shareholding employee was free to sell. In addition to such restricted stock, Miss Clark bought and held some unrestricted stock. In January, 1919, the company made a change in its set-up, whereby it exchanged its prior preferred, convertible preferred and new common stock for its old shares of common stock wherever held. As a result thereof, Miss Clark exchanged her prior stock holdings for new shares, which, however, had the same proportionate relation to the assets of the company as did her prior holdings. She here contends that this exchange made a new basis for income tax assessment, while the Board held it did not. In support of her view, the taxpayer contends that, when this stock exchange was made and the company waived all restrictions on stock, this constituted a gain because unrestricted stock was of more value than restricted stock. But she did not sell her stock. She received no income; she made no gain; and income is the all-important factor. If, for present purposes, it be assumed that it was a stock dividend, that does not help the taxpayer's contention, for stock dividends are not income gains. But whatever the stock change of the Victor Company was

—whether a readjustment, an exchange, a recapitalization, or a reorganization—the basic element stands out that it was not a gain, and, if it does not fall within the provisions of the Revenue Act 1926, § 203 (b) (2), 26 USCA § 934 (b) (2), which provides: "No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization," assuredly it is in line and in spirit in accord with the congressional intent that gain or loss shall not be regarded in stock exchanges. After consideration of all phases of the case, we find no error in the Tax Board's order, and the taxpayer's appeal is dismissed.